IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN VIGIL,

    Plaintiff,

vs.                                      Civil No. 10cv991 RLP

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER

This matter comes before the Court on *pro se* Plaintiff's Motion to Proceed *in forma pauperis* ("IFP" herein). Plaintiff alleges that he became disabled in 1999, applied for SSI benefits in 2002, that his claim was denied three times, but that he was eventually found disabled in 2005. He has apparently been receiving SSI benefits since 2005. Plaintiff's Complaint seeks "back pay" in the form of SSI benefits.

Plaintiff's IFP Application indicates that his average monthly income is $600. He also states, however, that he receives $680 per month in disability payments and $480 per month in public assistance. He has two sons, ages 6 and 4. He does not indicate whether his household receives benefits paid to his spouse or children, or income separately earned by his spouse.

The Federal IFP statute, 28 U.S.C.§ 1915, is intended to benefit those too poor to pay or give security for the costs of litigation. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989). Proceeding IFP is a privilege, not a right. **White v. State of Colo.**, 157 F.3d 1226, 1233 (10th Cir.1998). The district court has discretion whether to grant leave to proceed IFP. **Lister v. Dep't of Treasury**, 408 F.3d 1309, 1312 (10th Cir.2005). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. Id.

Assuming a plaintiff can establish entitlement to IFP status, the court must then consider

whether dismissal is required under 28 U.S.C. § 1915. Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan.1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under §1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellman**, 935 F.2d 1106, 1108 (10th Cir.1991).

I find that the Complaint and IFP Application do not provide the court with sufficient information to determine whether Plaintiff is entitled to IFP status. I further find that the Complaint on its face does not indicate whether Plaintiff has exhausted his administrative remedies pursuant to 42 U.S.C. §405(g), a prerequisite for this court to assert jurisdiction.

**IT IS HEREBY ORDERED** that Plaintiff shall provide the court with the following additional information:

1) Financial information:

   a) Amount of SSI benefits, if any, received by or on behalf of Plaintiff's sons.

   b) Amount of SSI benefits, if any, received by or on behalf of Plaintiff's wife.

   c) Amount in monthly income from employment, if any, received by Plaintiff's wife.

   d) Amount of monthly SSI benefits received by Plaintiff.

   e) Amount of monthly benefits, in the form of food stamps, if any, received by Plaintiff's household.

    f)    Amount of monthly benefits, in the form of General Assistance, if any, received by Plaintiff's household.

2) Information regarding administrative remedies:

    a)    Date of the notice to Plaintiff regarding the approval of his application for SSI benefits;

    b)    Date of the notice to Plaintiff regarding denial of what Plaintiff now refers to as "back pay;"

    c)    Date Plaintiff commenced receiving SSI benefits.

    d)    Level of administrative review at which SSI benefits were awarded (indicate whether this occurred following initial review; at reconsideration; after hearing before an Administrative Law Judge; after review by the Appeals Council).

    e)    Level of administrative review at which what Plaintiff refers to as "back pay" was denied (indicate whether this occurred following initial review; at reconsideration; after hearing before an Administrative Law Judge; after review by the Appeals Council).

**IT IS FURTHER ORDERED** that Plaintiff shall provide this information to the court on or before November 24, 2010.

**IT IS SO ORDERED**.

_____
Richard L. Puglisi
Chief United States Magistrate Judge

3