IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN VIGIL,

      Plaintiff,

v.                                                 No. CIV-10-0991 MCA-GBW

SOCIAL SECURITY
ADMINISTRATION, Michael
J. Astrue, Commissioner of SSA,

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before me on Defendant's Motion to Remand. *Doc. 20*. This case was referred to me to recommend an ultimate disposition on June 2, 2011. *Doc. 19*. Plaintiff filed his complaint seeking review of a Social Security Administration (SSA) decision that denied him back pay despite finding him disabled in 2005. *Doc. 1*. He seeks $30,000 in back payments. *Id*. On June 6, 2011, prior to filing an answer, Defendant moved to remand this case to the agency for a *de novo* ALJ hearing on Plaintiff's claims because the Commissioner cannot locate the recordings of Plaintiff's administrative hearings. *Doc. 20*. Defendant advised that Plaintiff opposed the motion. *Id*. Nonetheless, Plaintiff has failed to file a response to the motion, and his time for doing so has expired.

Analysis

Plaintiff styled his Complaint as one for relief under 42 U.S.C. § 1983; however, aside from writing "discrimination of race and disability" at the bottom of the first page, nothing in his complaint suggests Plaintiff alleges the type of requisite harm nor seeks the kind of relief available under § 1983.  *Doc. 1*.  Indeed, his complaint sets out allegations that the Social Security Administration and its Appeals Board improperly denied Plaintiff his requested back pay when they found him disabled in 2005, and Plaintiff seeks an order from this Court requiring the SSA to provide the requested back pay.  *Id*. at 2.  It is not clear whether Plaintiff seeks back pay from the date of his first application (in 2002) or the date of his alleged onset of disability (1999), but he seeks a total of $30,000.  *Id*. at 5.

Defendant first argues that, to the extent Plaintiff seeks to bring a claim under 42 U.S.C. § 1983, his claim should be denied for lack of jurisdiction and failure to state a claim.  I agree and recommend so finding.  To state a cause of action, a § 1983 complaint needs two allegations: (1) that the plaintiff was deprived of a federal right; and (2) that the person who deprived him acted under color of state law."  *Choate v. Lemmings*, 294 F. App'x 386, 392 (10th Cir. 2008)(citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  Plaintiff has neither pointed the Court to any federal right that he was deprived[1] nor alleged any state

---

[1] Plaintiff makes one assertion that sounds like it could be an allegation of an infringement of a federal right, but it is too vague and, frankly, incomprehensible, to establish a claim.  He says: "my rights as an american have been tampered does not america help those in need, was violated in the point of being able to display evidence."

involvement. His lone listed defendant, the Social Security Administration, is a federal agency. Clearly, Plaintiff has not met the standard for pleading a § 1983 action, and were that his only theory of relief, I would recommend finding this Court lacks jurisdiction to hear his claim.

Defendant argues, however, that because Plaintiff's complaint essentially requests review of the SSA's denial of certain SSI benefits, the Court should construe Plaintiff's *pro se* complaint as arising under 42 U.S.C. § 405(g)("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision. . .). Given that "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), I find Defendant's suggestion appropriate and recommend construing Plaintiff's complaint as alleging a cause of action under 42 U.S.C. § 405(g).

The Supreme Court has held that 42 U.S.C. § 405(g) makes two types of remand available to judges reviewing adverse disability decisions: one springing from the fourth sentence of the section, and the other from the sixth sentence. *Melkonyan v. Sullivan*, 501 U.S. 89, 98-99 (1991). Further, the sixth sentence itself allows for two subtypes of remand: "where the Secretary requests a remand before answering the complaint, or where new,

---

*Doc. 1 at 3* [*sic* throughout].

material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993); *see also Huff v. Apfel*, No. 99-7134, 2000 WL 1022270, at *1 (10th Cir. July 25, 2000). Defendant here argues that the first type of "sixth sentence" remand is appropriate, and I agree.

In pertinent part, the sixth sentence of § 405(g) reads: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security. . . " 42 U.S.C. § 405(g); *see also Shalala*, 509 U.S. at 297 n.2; *Melkonyan*, 501 U.S. at 100 n.2. The Court has discovered no case law interpreting "good cause," but perhaps this dearth results from the fact that it is unusual for a Social Security plaintiff to oppose remand. The SSA did cite to pertinent legislative history from a Congressional hearing on the statute, which explained that:

> [T]here are sometimes procedural difficulties which prevent the Secretary from providing the Court with a transcript of administrative proceedings. Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are not incomplete, good cause would exist to remand the claim to the Secretary. . . .

H.R. Rep. No. 96-944, 96th Cong. 2d Sess. 59 (1980).

In the instant case, the Commissioner has stated that he "cannot locate the recordings of Plaintiff's administrative hearings held on July 13, 2004, and December 3,

2007." *Doc. 20* at 4.  I recommend finding that this administrative defect is good cause sufficient grant SSA's request for a remand for a *de novo* hearing.

Moreover, under our Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b).  Plaintiff has failed to file a response to SSA's motion to remand.  This failure, therefore, is an alternative basis for granting SSA's motion.

I therefore recommend granting Defendant's motion and remanding this case to an ALJ for a *de novo* hearing.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE